**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **SHANARD LESURE,** )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>**MICHAEL P. ATCHISON,** )<br>)<br>Respondent. )<br>)<br>) | No. 11 C 5904 |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Petitioner Shanard Lesure[1] was convicted of the 1997 murder of 16-year-old Porche[2] Smith and the attempted murder of her companion, Emil Clark. Lesure has filed a Petition for a Writ of Habeas Corpus.[3] For the reasons stated herein, the Petition is denied, and I decline to issue a Certificate of Appealability.

I.

The following facts are taken from the Illinois Appellate Court rulings affirming Lesure's conviction and the denial of his

---

[1] I note that Petitioner's name is spelled "Shenard" in both Illinois Department of Corrections records and in certain portions of the state court record, but I will adopt the spelling used by Petitioner.

[2] Although her name is spelled various ways in the record, I will adopt the spelling of "Porche" used by the Illinois Appellate Court.

[3] Subsequent to the briefing of this petition, Michael P. Atchison replaced Dave Rednour as the warden of Menard Correctional Center, and is therefore the Respondent in this case. The Clerk is directed to correct the docket to reflect the proper respondent.

petition for post-conviction relief. *People v. Lesure*, No. 1-99-0909 (Ill. App. Ct. March 17, 2000) (unpublished order pursuant to Illinois Supreme Court Rule 23); *People v. Lesure*, 944 N.E.2d 780 (Ill. App. Ct. 2011). Relevant facts from the trial court's written ruling denying post-conviction relief also are included. *People v. Lesure*, 98-CR-4529-01 (Cook Cty. Cir. Ct. July 18, 2008).

After a bench trial, Lesure was convicted of first-degree murder and attempted first-degree murder. He did not contest the sufficiency of the evidence on appeal. The evidence showed that on the evening of July 6, 1997, Lesure, a member of the Gangster Disciples ("GD") street gang, was riding in a van on the city's southwest side with other gang members when members of a rival faction opened fire. Lesure, then 15 years old, spoke with a fellow GD member, Carlton Reed, about taking revenge on the shooters.

Hours later, in the early morning hours of July 7, 1997, Smith and Clark were shot at the intersection of 63rd and Artesian streets in Chicago. At trial, Clark identified Lesure as one of the men who came out of an alley adjacent to Artesian Street and opened fire. Clark was shot in the abdomen and a second time in the leg after he fell to the ground. Smith suffered two gunshot wounds to the head and died at the scene. Smith and Clark were not involved in the earlier shooting.

After the shooting, Lesure hid out in the apartment of Odell Harris, a fellow gang member, for about five days in an effort to

evade the police. Harris testified at trial that Lesure told him he had shot a man and a woman who walked past the gangway at 63rd and Artesian streets. Lesure was arrested about six months later, and Clark identified him in a line-up as one of the shooters.

Lesure was convicted of murder and attempted murder. He was sentenced to 50 years in prison for murder, but was incorrectly sentenced to a consecutive term of 25 years in prison on a charge of aggravated battery with a firearm, even though he had not been convicted of that offense. On direct appeal, the Illinois Appellate Court vacated the 25-year sentence and remanded for sentencing on the proper offense, attempted murder. The trial court subsequently imposed a consecutive 25-year sentence for attempted murder.

Lesure then filed a post-conviction petition, in which he argued that he was actually innocent based on an affidavit from Clark in which he recanted his identification of Lesure as one of the shooters. At an evidentiary hearing, Clark testified that Lesure did not shoot him, and that he falsely identified Lesure as the shooter because police pressured him to do so and told him they had other evidence linking Lesure to the crime. Clark also testified that Lesure's mother helped him draft his affidavit recanting his prior testimony. The two police detectives who brought Clark to view the line-up, Jean Romic and Thomas Benoit, testified that they did not pressure Clark or encourage him to

identify Lesure as the shooter. LaDonna Smith, Porche Smith's sister, testified that during the trial, she and her relatives were harassed by an unidentified group of young men in the parking lot of the courthouse. LaDonna Smith also testified that Lesure's sister made threatening statements toward the Smith family in the courtroom gallery. After the trial, the family moved from their home because someone had attempted to break in, and they no longer felt safe in their home.

On July 9, 2008, the trial court dismissed the petition, with a written order issued on July 18, 2008. The trial court found: (1) Clark's recantation was not credible; and (2) that even if it had been credible, the other evidence at trial was sufficient to prove Lesure guilty beyond a reasonable doubt. Lesure appealed the dismissal of the petition, but did not raise the issue of Clark's recantation. Rather, Lesure argued that he was unlawfully sentenced as an adult on the attempted murder charge. The appeals court rejected this argument and affirmed the dismissal of his post-conviction petition.

While that appeal was pending, Lesure unsuccessfully tried to file a *pro se* supplemental brief, even though he was represented by counsel. In that brief, Lesure argued that his due process rights were violated: (1) when the trial court applied the wrong materiality standard when denying his claim that the state had used perjured testimony by Clark; (2) by the trial court's consideration

4

of matters not in evidence, particularly the trial court's consideration of LaDonna Smith's testimony as to the threats against her family; and (3) by the state's improper arguments during the post-conviction hearing, which implied that Clark had been threatened or intimidated by the Lesure family.

Lesure then filed a petition for leave to appeal that ruling to the Illinois Supreme Court that raised the same arguments as those in his *pro se* supplemental brief. The Illinois Supreme Court denied the petition.

Subsequently, on Aug. 25, 2011, Lesure filed the instant petition for habeas relief. I note that it is sparse on facts, but raises the same claims as found in his *pro se* supplemental brief, although phrased somewhat differently.[4] In particular, Lesure contends his due process rights were violated for three reasons: (1) the state knowingly used perjured evidence and the trial court erred when it found that Clark's recantation would not have changed the outcome of his trial; (2) the trial court considered matters not in evidence to support the state's assertion that Clark had been intimidated into recanting; and (3) prosecutors improperly argued that Lesure instigated threats and intimidation toward the witness (presumably Clark) when there was no evidence that he had done so.

---

[4] Lesure's petition does not specify that his claims arise from alleged errors during the post-conviction proceeding, but it is clear from context.

II.

Habeas relief under 28 U.S.C. § 2254 is limited by a variety of procedural requirements. State prisoners cannot present a claim in federal court until they exhaust their state court remedies by fairly presenting their federal claims to the state courts. *Malone v. Walls,* 538 F.3d 744, 753 (7th Cir. 2008). This requires the petitioner to present "'both the operative facts and the controlling legal principles'" to the state court. *Id.* (quoting *Williams v. Washington,* 59 F.3d 673, 677 (7th Cir. 1995)). Fair presentment also requires that the petitioner assert his federal claim through one complete round of state court review, either on direct appeal or during post-conviction proceedings. *Malone,* 538 F.3d at 753. A claim is procedurally defaulted if a habeas petitioner exhausts his state court remedies without properly asserting his federal claim at each level of state court review. *Id.*

A claim also is procedurally defaulted if a state court declines to address a prisoner's federal claims because the prisoner failed to meet the state court's procedural requirements. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). This is an independent and adequate state law ground barring habeas relief. *Id.* To conclude that an independent and adequate basis exists, however, the state court must clearly and expressly state that its judgment rests on a state procedural bar. *Gray v. Hardy*, 598 F.3d

324, 329 (7th Cir. 2010).

A petitioner may present a procedurally defaulted claim if he shows: (a) adequate cause for the default and prejudice from losing review on the merits, or (b) that a fundamental miscarriage of justice will result from the lack of review. *Smith v. McKee,* 598 F.3d at 382 (7th Cir. 2010). Cause requires an objective factor (external to the defense) that prevented a petitioner from presenting the claim earlier; prejudice means that error "so infected the entire trial that the resulting conviction violates due process." *Id.* (internal citations omitted).

If the state court adjudicated a claim on the merits, habeas relief is only available if that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or if the decision was based upon "an unreasonable determination of the facts in light of the evidence presented [to that court]." 28 U.S.C. § 2254(d)(1),(2). If the claim was not adjudicated on the merits, I am to review it under 28 U.S.C. § 2243, which calls for the matter to be disposed of "as law and justice require." This effectively requires *de novo* review, although with deference to the state court. *Morales v. Johnson,* 659 F.3d 588, 599 (7th Cir. 2011).

7

III.

As a preliminary matter, Respondent contends that all three of Lesure's claims are insufficient to meet the requirements of Rule 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Court. This rule requires that the petitioner describe the facts supporting each ground for relief. I agree that Lesure's claims are thinly pleaded, but given that I am required to liberally construe the petition, *see Perruquet v. Briley,* 390 F.3d 505, 512 (7th Cir. 2004), I decline to dismiss it on that basis. Because Lesure's claims are in essence those he raised in his *pro se* supplemental brief, Respondent was able to understand the claims and respond to them fully. Nonetheless, the claims fail on other grounds.

### A. Claim One

Lesure's first claim is essentially that the state knowingly used false testimony from Clark at his trial, and that the judge on post-conviction review erred in finding that Lesure would have been convicted regardless of Clark's testimony. Lesure places this claim under the rubric of *Brady v. Maryland*, 373 U.S. 83 (1963), which deals with the state's duty to disclose exculpatory evidence. As Respondent argues, Lesure's claim that the prosecution knowingly used false testimony more accurately fails under the constitutional rule set out in *Napue v. Illinois*, 360 U.S. 264 (1959). *See United States v. Freeman*, 650 F.3d 673, 678 (7th Cir. 2011) (to establish

a *Napue* claim the defendant must show that there was false testimony, the government knew or should have known it was false, and that the false testimony likely affected the verdict).

Regardless, Respondent is correct that Lesure did not raise this claim before the post-conviction trial court. As noted above, to preserve a claim for habeas review, it must be raised at each level of state court review, including at the trial court. *Smith v. Gaetz*, 565 F.3d 346, 352 (7th Cir. 2009). In amended post-conviction petitions filed by counsel, Lesure argued Clark's recantation showed he was actually innocent, but the petitions did not mention *Brady* or *Napue* or in any way indicate that he was bringing a claim that prosecutors had knowingly presented false evidence. Rather, Lesure's claim was styled as one of actual innocence, which is a free-standing ground for post-conviction relief in Illinois. *See People v. Washington*, 665 N.E.2d 1330, 1336–37 (Ill. 1996). Fair presentment requires that the state court have a "meaningful opportunity" to rule on the substance of federal claims, and it is not accomplished where the controlling law is not put before the state court. *Anderson v. Benik*, 471 F.3d 811, 814 (7th Cir. 2006). Because the state trial court was not on notice of a *Napue* or *Brady* claim, it was not fairly presented, and is procedurally defaulted.

Lesure fails to demonstrate either cause-and-prejudice for this default or that a fundamental miscarriage of justice will

occur if I refuse to consider this claim. To the extent that Lesure is arguing that Clark's recantation shows that he is actually innocent, so as to satisfy the fundamental miscarriage of justice exception, I note that this exception is exceedingly difficult to satisfy because Lesure must show that it is more likely that not that but for the alleged constitutional error, no reasonable fact finder would have found him guilty of the shooting. *See Hayes v. Battaglia*, 403 F.3d 935, 938 (7th Cir. 2005).

Lesure has not carried that heavy burden. The state trial court heard Clark's testimony and found his recantation was not credible, a determination that I cannot reevaluate. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). Additionally, the state trial court pointed to evidence in the record that supported Lesure's conviction even without taking into account Clark's testimony. For example, witness Carlton Reed testified at trial that Lesure told him he planned to retaliate for the earlier, gang-related shooting. Reed testified that Lesure displayed two guns to Reed, and that Reed later heard shots and saw Lesure running from the crime scene. Additionally, there was evidence that Lesure described the shooting to Harris, who helped him hide from police. A rational juror might well have convicted Lesure based on this other evidence. For these reasons, Claim One is procedurally defaulted and denied.

**B. Claim Two**

Lesure's next claim is that the trial court considered matters not in evidence regarding intimidation and retaliation when it denied him relief. Although Lesure's petition is vague, his contention is not really that the trial court considered matters not in evidence, but that it should not have considered LaDonna Smith's testimony as to the threats and intimidation her family received during Lesure's trial. The trial court, he contends, should not have admitted this evidence as a rebuttal to Clark's testimony that he was not threatened or harassed into changing his story. Lesure contends that LaDonna Smith's testimony was not circumstantial evidence of threats toward Clark, and "[i]n fact, it is evidence of nothing, in and of itself." Petr.'s Reply, 13.

Respondent contends, first, that Lesure procedurally defaulted this claim because it was not included in the brief filed by his appellate counsel on post-conviction review. Lesure moved to file a *pro se* supplemental brief including this claim, but the appeals court denied that motion without comment. Although the appeals court did not explain its rationale, prosecutors had filed a brief objecting to Lesure's request to file the supplemental brief given that he was already represented by counsel. Under Illinois law, a defendant does not have the right to both represent himself and be assisted by counsel. *People v. Williams*, 454 N.E.2d 220, 226–27 (Ill. 1983). This rule against hybrid representation is

discretionary, however, and Illinois courts often have considered *pro se* supplemental briefs in both capital and non-capital cases. *See U.S. ex rel. Parker v. Chandler*, 09 C 4231, 2011 WL 221834, at *8 (N.D. Ill. Jan. 24, 2011)(collecting cases).

The Seventh Circuit, in an unpublished (and therefore non-precedential) ruling, has held that a petitioner may avoid procedural default by filing a motion for leave to file a supplemental brief raising the claim. *Kizer v. Uchtman*, 165 F. App'x 465, 467–68 (7th Cir. 2006). *Kizer*, however, did address the question of whether the state court's rejection of the supplemental brief might be an independent and adequate state law ground for finding procedural default. *Id.* at 467 n. 1. A procedural rule barring hybrid representation and the filing of more than one brief could constitute an adequate and independent state law ground. *See Dolis v. Gilson*, 07 C 1816, 2009 WL 5166228, at *8 ((N.D. Ill. Dec. 23, 2009). This is true even though the state courts may decline to apply the rule in certain cases depending on the circumstances. *See Walker v. Martin*, --- U.S. —--, 131 S. Ct. 1120, 1130 (2011) ("A discretionary rule ought not to be disregarded automatically upon a showing of seeming inconsistencies. Discretion enables a court to home in on case-specific considerations and to avoid the harsh results that sometimes attend consistent application of an unyielding rule."). Nonetheless, I am reluctant to find procedural default in this case

12

given that the Illinois Appellate Court did not explain its reasons for denying Lesure leave to file his *pro se* supplemental brief. *See Duncan v. Hathaway*, 740 F. Supp. 2d 940, 947 (N.D. Ill. 2010) (refusing to find procedural default "[w]ithout a clear and express reason" for the state court's refusal to consider a petitioner's supplemental brief).

Regardless, Lesure's claim fails on the merits. The "matters not in evidence" to which he refers were of record. The state trial judge found LaDonna Smith's testimony was relevant to the issue of whether Clark had been pressured to recant, noting at one point that if associates of Lesure had displayed their unhappiness over the charges to a non-witness like LaDonna, one could reasonably expect they would do the same to an eyewitness like Clark. State court evidentiary rulings are a matter of state law that typically are not cognizable on habeas review. *Estelle v. McGuire*, 502 U.S. 62, 75 (1991). In order for me to consider such a ruling as a basis for relief, it must render the proceedings fundamentally unfair. *Id.*

The admission of LaDonna Smith's testimony was not unfair where the trial court considered it as circumstantial evidence that Clark might have been pressured to recant, despite his denials. *See Mendiola v. Schomig*, 224 F.3d 589, 593 (7th Cir. 2000) (noting that recantations are inherently suspect, and that is not unusual for witnesses to recant out of fear of gang retaliation). Further,

13

even if I were to accept Lesure's argument that LaDonna Smith's testimony was improperly admitted, it is clear that this testimony was at best tangential to the trial court's ruling denying post-conviction relief.  In its written ruling denying relief, the trial court cited *People v. Brooks*, 718 N.E.2d 88, 111-12 (Ill. 1999) for the proposition that "gang retaliation and intimidation are common themes in recantation."  But the trial court also noted the other evidence supporting Lesure's conviction, and ultimately found that Clark was not a credible witness.  In short, because LaDonna Smith's testimony was properly admitted and because it had little effect on the outcome of the proceeding, Lesure's second claim fails.

## C. Claim Three

Lesure's third claim is that prosecutors improperly argued that he had instigated intimidation and threats toward Clark, without evidence to support his claim.  Respondent argues this claim, like Lesure's claim that the trial court wrongly considered LaDonna Smith's testimony, is procedurally defaulted because Lesure raised it in the Illinois Appellate Court only in his unfiled *pro se* supplemental brief.  For the reasons discussed in regard to that claim, I decline to find procedural default.  However, this claim also is meritless for the reasons discussed in regard to Claim Two.

14

### D. Certificate of Appealability

Upon issuing an order denying habeas relief, I must determine whether to issue a certificate of appealability for any of the claims. *See* Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts. This requires that the applicant make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If the claim is denied on the merits, the applicant must show that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). If the claim is denied on procedural grounds, the applicant must show that reasonable jurists would find it debatable whether the claim states the denial of a constitutional right, and that they would find the procedural ruling debatable as well. *Id.* Because I find that the relevant case law clearly compels the result reached here, I decline to issue a certificate of appealability on any of Lesure's grounds for relief.

IV.

For the reasons stated, Lesure's Petition for a Writ of Habeas Corpus is denied, and I decline to issue a Certificate of Appealability.

ENTER ORDER:

_____

**Elaine E. Bucklo**
United States District Judge

Dated:    5/22/12

15